[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14609
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-00003-MHT-WC

JAMES MCDOWELL,

                                                            Plaintiff-Appellant,

versus

MASSEY AUTO,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 3, 2018)

Before MARCUS, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

     James McDowell sued Massey Auto, Inc., alleging violations of the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and state

law.  A jury decided in Massey's favor, finding McDowell had not proven his case.

McDowell then unsuccessfully moved for a new trial.  On appeal, McDowell argues he is entitled to a new trial because the district court instructed the jury incorrectly and refused to give a jury instruction he requested.  After careful review, we affirm.

## I.

In his complaint, McDowell alleged Massey fired him because of his age. Massey denied McDowell's charge, asserting it terminated him because he yelled and cursed at one of its business partners.

A magistrate judge recommended denying both parties' motions for summary judgment.  The district court adopted that recommendation in full, and the case proceeded to trial.  Before trial, McDowell asked the district court to instruct the jury that "Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you."  McDowell also asked the district court to give the Eleventh Circuit's Pattern Jury Instruction on the ADEA, as set out here, but with the additional underlined language:

> To determine that Massey Auto fired him because of James McDowell's age, you must decide that Massey Auto would not have fired him if James McDowell had been younger but everything else had been the same.
>
>     . . . .
>
> An employer may not discriminate against an employee because of age, but an employer may terminate an employee for any other

2

reason, good or bad, fair or unfair.  If you believe Massey Auto's reason for its decision to fire him, and you find that Massey Auto's decision was not because of James McDowell's age, you must not second guess that decision, and you must not substitute your own judgment for Massey Auto's judgment—even if you do not agree with it.  <u>However, it is not necessary to prove that age was the *sole* motivating factor in firing him, but instead was the "but for" reason.</u>

After the parties rested, the district court addressed McDowell's requested addition to the Pattern Jury Instruction.  McDowell argued that because the magistrate's report and recommendation described the ADEA's causation requirement using language similar to his proposed addition, it would be appropriate for the court to instruct the jury as he requested.  Massey replied the Pattern Instruction correctly stated the law, and McDowell's suggested addition would confuse the issue.  The court chose to give the Pattern Instruction without McDowell's requested modification.  However, in rebuttal to Massey's closing argument, McDowell was able to argue to the jury, "I want to make sure you understand that it's not necessary to prove that age was the only motivating factor for his termination."

In pertinent part, the court then charged the jury as follows:

> As I said before, you must consider only the evidence I have admitted in this case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But anything the lawyers say is not evidence and is not binding on you.
>
>     . . . .
>
> To determine that Massey Auto fired McDowell because of

3

> McDowell's age, you must decide that . . . Massey Auto would not have fired McDowell if McDowell had been younger but everything else had been the same.

The jury found McDowell failed to prove his age discrimination claim, and the court entered judgment accordingly.

McDowell moved for a new trial, arguing the above-described instructions were erroneous and prejudicial. The district court denied the motion, holding that its causation instruction was consistent with the text of the ADEA and Supreme Court precedent.

This appeal followed.

## II.

"We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1233 (11th Cir. 2004) (quotation marks omitted). "If . . . the instructions accurately reflect the law, the district court has wide discretion as to the instructions' style and wording," and "we will only reverse if (1) the contents of the requested instruction are not adequately covered by the jury charge and (2) the requesting party suffers prejudicial harm." Id.; Gowski v. Peake, 682 F.3d 1299, 1310 (11th Cir. 2012) (per curiam) ("We review jury instructions for abuse of discretion and give trial judges wide discretion as to the style and wording employed." (quotation marks omitted)). We review orders

4

denying motions for a new trial based on erroneous and prejudicial jury instructions for abuse of discretion. Gowski, 682 F.3d at 1310.

### III.

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176, 129 S. Ct. 2343, 2350 (2009). "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Id.

McDowell argues on appeal that the district court's instruction misstated this legal rule. It did not. The district court's instruction clearly conveyed that the jury needed to find McDowell's age was the but-for cause of Massey's decision. The district court told the jury it had to find "Massey Auto would not have fired McDowell if McDowell had been younger but everything else had been the same." This instruction could be rephrased to read "McDowell had to prove Massey would not have fired him but for his age" without changing its meaning.

A district court has "wide discretion as to the . . . style and wording" of its instructions, Conroy, 375 F.3d at 1233, and we cannot say this court abused its

discretion here.  The district court neither said nor implied McDowell's age had to be the sole reason he was fired.  Thus, the court's instruction did not mislead the jury, and it "adequately covered" McDowell's requested instruction.  Id.  Beyond that, McDowell was able to argue, and in fact did argue, that the jury did not need to find age was the sole reason for his termination to return a verdict in his favor.

Neither was it error for the district court to instruct the jury that "anything the lawyers say is not evidence and isn't binding on you."  This instruction is routinely given, and it accurately states the law.  These lawyers were not witnesses to what happened and were therefore incompetent to testify.  See Fed. R. Evid. 602.  More to the point, it is not clear why this instruction would have caused the jury to disregard McDowell's closing arguments on causation.  Therefore, the district court did not commit reversible error in refusing to give McDowell's instruction or in denying his motion for a new trial.  See Conroy, 375 F.3d at 1235 (concluding that the plaintiff, who requested an accurate instruction on pretext, suffered no prejudice by the district court's refusal to give the requested instruction where counsel argued pretext to the jury, and the court's charge adequately covered the requested instruction); Gowski, 682 F.3d at 1310, 1314–15.

**AFFIRMED.**

6